### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID McGLYNN,<br><br>　　　Plaintiff,<br><br>v.<br><br>ROXANNE JAJO BAHRI d/b/a ALL ABOUT THE REAL HOUSEWIVES; LARA SOPHIA, individually; and DOES 1-10 inclusive,<br><br>　　　Defendants. | Case No. 2:21-cv-12295<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DAVID McGLYNN ("McGlynn"), by and through his undersigned counsel, brings this Complaint against Defendants, ROXANNE JAJO BAHRI ("Barhi") d/b/a ALL ABOUT THE REAL HOUSEWIVES ("Real Housewives"); LARA SOPHIA ("Sophia") individually, and DOES 1-10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

1.　This is a civil action seeking damages and injunctive relief for copyright infringement and the unauthorized removal of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.* and 17 U.S.C. § 1202.

## PARTIES

2. McGlynn is a professional photographer residing in the State of New York.

3. Upon information and belief, Bahri is the owner and operator of Real Housewives.

4. Upon information and belief, Bahri is a Michigan resident residing at 28075 Parkhill Street, Farmington Hills, MI 48334.

5. Upon information and belief, Sophia is a Virginia resident residing at 1700 Summit Avenue, Apt. S135, Richmond, VA 23230.

6. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained

7. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and

insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in Michigan and/or Defendants transact business in the State of Michigan.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts giving rise to this claim occurred in this judicial district, or a substantial part of property that is the subject of the action is situated in this judicial district.

## FACTUAL ALLEGATIONS

11. McGlynn is a professional photographer who licenses his work for fee. McGlynn has licensed or sold his photographs to dozens of major media outlets including the New York Post, The New York Times, WIRED, Forbes, ESPN, Money, Newsweek, and Vibe.

12. McGlynn's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to McGlynn's work deters would-be infringers from copying and profiting from his work without permission.

13. McGlynn is the sole author and exclusive right's holder to the photograph of Jeffery Epstein against a backdrop of cars as he crosses the street ("Epstein Image"). A true and correct copy of the Epstein Image is shown below:



14. McGlynn registered the Epstein Image with the United States Copyright Office under Registration Number VA 2-161-714 with an effective date of June 28, 2019.

15. The Epstein Image originally appeared in an article featured by the New York Post ("Post") on May 9, 2019, titled *Billionaire Pedophile Jeffrey Epstein Illegally Building Virgin Islands Compound* ("Post Article"). A true and correct copy of the screenshot of the Post Article is attached hereto as Exhibit A.

16. The Epstein Image, as it appeared in the Post Article, included a photo credit below the bottom left corner of the image crediting the author of the Epstein Image as David McGlynn. A true and correct copy of the screenshot of the Epstein Image with McGlynn's photo credit is attached hereto as Exhibit B.

17. McGlynn is informed and believes Bahri controls and manages the editorial website https://www.allabouttrh.com/ ("Website").

18. McGlynn is informed and believes Bahri has the ability to supervise and control the content on the Website.

19. McGlynn is informed and believes Bahri and Real Housewives utilize the Website for commercial purposes in order to attract user traffic and earn revenue from advertisements on the Website.

20. McGlynn is informed and believes Sophia is a contributing author for articles on the Website and has the ability to select, control, and manage images to use in conjunction with the articles she writes for the Website.

21. On or about March 25, 2021, McGlynn discovered Real Housewives had used the Epstein Image on the Website. True and correct screenshots of the Epstein Image as used on the Website with and without the date-stamp are attached hereto as Exhibit C.

22. McGlynn did not consent to or authorize Real Housewives, Bahri, or Sophia to use the Epstein Image on the Website.

23. McGlynn also discovered the Epstein Image, as it was being displayed on the Website, did not include his photo credit. *See* Exhibit C.

24. McGlynn did not consent to or authorize Real Housewives, Bahri, or Sophia to use the Epstein Image on the Website without his photo credit.

25. McGlynn did not consent to or authorize Real Housewives, Bahri, or Sophia to distribute copies of the Epstein Image without his photo credit.

26. After discovering the infringements, McGlynn (through counsel) sent cease and desist correspondence to Bahri and left voicemails for both Bahri and Sophia regarding the unauthorized use of the Epstein Image on the Website, but neither Bahri nor Sophia responded to the correspondence or voicemails.

27. McGlynn is informed and believes the Epstein Image is still being used on the Website and has been accessible by the general public continuously from August 2, 2019 through the date of this Complaint.

28. McGlynn is informed and believes Real Housewives, Bahri, and Sophia copied McGlynn's Epstein Image and posted, publicized, and otherwise held out to the public the Epstein Image in the course and scope of its business activities in order to receive commercial benefit and acquire monetary gain and market benefit as a result of its use.

29. McGlynn is informed and believes Real Housewives, Bahri, and Sophia knew they did not have permission to use the Epstein Image on the Website

and willfully infringed McGlynn's Epstein Image.

30. McGlynn is informed and believes Real Housewives, Bahri, and Sophia removed the photo credit on the Epstein Image in order to conceal their infringing conduct.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

31. McGlynn incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. McGlynn registered the Epstein Image with the Register of Copyrights pursuant to 17 U.S.C. § 411(a) and owns a valid copyright in the Epstein Image.

33. Real Housewives, Bahri, and Sophia (including the employees, agents, contractors or others over whom they have responsibility and control) copied and displayed McGlynn's unique and original Epstein Image without McGlynn's consent or authorization in violation of 17 U.S.C. § 501.

34. McGlynn is informed and believes and thereon alleges that Real Housewives, Bahri, and Sophia willfully infringed upon McGlynn's copyrighted Epstein Image in violation of Title 17 of the U.S. Code because, *inter alia*, Real Housewives, Bahri, and Sophia used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit,

McGlynn's original and unique Epstein Image without McGlynn's consent or authority by using it in on the Website, and Real Housewives, Bahri, and Sophia knew or should have known they did not have a legitimate license to use the Epstein Image.

35. As a result of Real Housewives, Bahri, and Sophia's violations of Title 17 of the U.S. Code, McGlynn has sustained significant injury and irreparable harm.

36. As a result of Real Housewives, Bahri, and Sophia's violations of Title 17 of the U.S. Code, McGlynn is entitled to any actual damages pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

37. As a result of Real Housewives, Bahri, and Sophia's violation of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Real Housewives, Bahri, and Sophia as well as reasonable attorney's fees as part of the costs pursuant to 17 U.S.C § 505.

38. McGlynn is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### SECOND CAUSE OF ACTION
### REMOVAL OF COPYRIGHT MANGEMENT INFORMATION
### 17 U.S.C. § 1202

39. McGlynn incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

40. McGlynn's Epstein Image, as it appeared in the Post Article, contained copyright management information. Specifically, the Epstein Image included a photo credit below the bottom left corner of the image identifying David McGlynn as the copyright owner of the Epstein Image.

41. Without McGlynn's consent or authorization, Real Housewives, Bahri, and Sophia intentionally removed the photo credit, related to the Epstein Image, knowing, or having reasonable ground to know, that it would induce, enable, facilitate, or conceal infringement of McGlynn's rights in the Epstein Image in violation of 17 U.S.C § 1202(b).

42. Additionally, Real Housewives, Bahri, and Sophia distributed copies of the Epstein Image knowing that the photo credit had been removed without McGlynn's consent or authorization and knowing, or having reasonable ground to know, that it would induce, enable, facilitate, or conceal infringement of McGlynn's rights in the Epstein Image in violation of 17 U.S.C § 1202(b).

43. Specifically, Real Housewives, Bahri, and Sophia illegally downloaded the Epstein Image that contained the photo credit identifying McGlynn as the copyright owner of the photograph, intentionally removed the photo credit before incorporating the Epstein Image on the Website, and distributed copies of the Epstein Image, knowing they had removed the photo

credit from the Epstein Image, in order to mislead the public into believing that Real Housewives either owned the Epstein Image or had legitimately licensed it for use.

44. Additionally, Real Housewives, Bahri, and Sophia's conduct was intentional because they purposefully removed the photo credit identifying McGlynn as the copyright owner of the Epstein Image, before incorporating the image on the Website, knowing they were not the copyright owner of the Epstein Image; knowing they had not licensed the Epstein Image for use on the Website; and knowing they did not have McGlynn's permission or authority to use the Epstein Image on the Website or to distribute copies of the Epstein Image without the photo credit.

45. Real Housewives, Bahri, and Sophia's conduct constitutes violations of 17 U.S.C. § 1202(b).

46. McGlynn has sustained significant injury and monetary damages, in an amount to be proven, as a result of Real Housewives, Bahri, and Sophia's wrongful acts as hereinabove alleged.

47. In the alternative, McGlynn may elect to recover statutory damages pursuant to 17 U.S.C § 1203(c)(3) in a sum of not more than $25,000 for the violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

**WHEREFORE**, McGlynn prays for judgment against Real Housewives, Bahri, and Sophia as follows:

- For an award of actual damages and disgorgement of all profits attributable to the infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at McGlynn's election, an award for statutory damages against Bahri and Sophia in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- For an injunction preventing Real Housewives, Bahri, and Sophia from further infringement of all of McGlynn's copyrighted works pursuant to 17 U.S.C. § 502;

- For statutory damages against Bahri and Sophia in an amount up to $25,000 for the removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For prejudgment and post judgment interest as allowed by law; and

- For any other relief the Court deems just and proper.

Dated: September 29, 2021                                  Respectfully submitted,

        **/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
MI State Bar No. P78707
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbeeassociates.com
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, David McGlynn, hereby demands a trial by jury in the above matter.

Dated: September 29, 2021        Respectfully submitted,

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.
MI State Bar No. P78707
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
jleath@higbeeassociates.com
*Counsel for Plaintiff*